ALLSTATE INSURANCE COMPANY,
an Illinois corporation, Plaintiff,

v.

Robert HALL, Jr., Harry E. Lester, and
the United Steel Workers of America,
AFL–CIO–CLC, Defendants.

No. 85–CV–73935–DT.

United States District Court,
E.D. Michigan, S.D.

Dec. 18, 1986.

James W. Heckman, Garan, Lucow, Miller, et al, Detroit, Mich., for plaintiff.

Thomas K. DiPietro, Michael P. Hurley, Detroit, Mich., for defendants.

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO SET ASIDE DEFAULT

HACKETT, District Judge.

This matter is presently before the court on the motion of defendant Robert Hall, also referred to as Robert Hall, Jr. ("Hall") to set aside the judgment of default entered in this action in favor of plaintiff Allstate Insurance Company, ("Allstate").

Hall filed suit against co-defendants, Harry E. Lester and the United Steel Workers of America, AFL–CIO–CLC in Wayne County Circuit Court in 1983. In August, 1984, Lester and the UAW filed a counter complaint against Hall alleging defamation and invasion of privacy. Counsel for Hall tendered the counter complaint to Allstate for the purpose of providing a defense to Hall under a policy of homeowner's insurance issued by Allstate to Hall's parents, Robert E. and Mary Ann Hall. On December 26, 1984, Allstate agreed to retain counsel to defend Hall while reserving its rights to disclaim coverage.

On August 27, 1985, Allstate filed a complaint for declaratory relief in this court. It seeks a determination that Allstate has no duty to defend or indemnify Hall for the acts alleged in the counter complaint. Allstate asserts that between September 4, and October 18, 1985, its process server made nine (9) attempts to serve Hall at his parents' residence at 604 Ford Blvd., the address which appears on the insurance policy. On each occasion the process server was told that Hall had "just left the house."

On November 13, 1985, Allstate filed a motion for substituted service by registered mail, pursuant to FRCP 4(c)(2)(C)(i). The motion was referred to a magistrate for disposition. On March 11, 1986, Judge Pratt's office mailed notice of the referral of Allstate's motion to Hall at the Ford Blvd. address. On March 13, 1986, the clerk of the court mailed to the same address a notice of hearing set for April 17, 1986.

On March 17, 1986, Hall telephoned Allstate's counsel and advised that he had received copies of the motion and notices from the court. He was informed of the nature of the complaint and that the motion was necessitated by the difficulty of service. Hall stated that he would discuss the matter with his counsel on the following day when he was to appear for deposition in the underlying lawsuit. He said he would call the next day and advise Allstate's counsel whether he would voluntarily accept service by mail. Hall never called again despite his assurance that he would do so. (Affidavit of J. Heckman)

Allstate's motion for substituted service was heard and granted on April 17, 1986. Thereafter copies of the summons, complaint and order for substituted service were mailed by certified mail, addressed to Robert Hall, Jr. at the Ford Blvd. address. The return receipt was signed by R. Hall on April 26, 1986.

A clerk's entry of default was entered on May 29, 1986. On August 28, 1986, Allstate moved for default judgment which was granted by this court on September 10, 1986. On October 10, 1986, Hall filed his motion to set aside the judgment.

Rule 60(b) of the Federal Rules of Civil Procedure provides:

> On motion and upon such terms as are just the court may relieve a party or his legal representative from a final judgment, order or proceeding ...

Although Hall does not invoke a specific section of the rule, the allegations set forth in his motion can only be construed as falling within the reasons provided in Rule 60(b)(1), "mistake, inadvertence, surprise or excusable neglect." Hall contends that he has not resided at his parents' home for "at least the last year." He does not dispute that he lived there at the time he brought suit against the defendants in the underlying action or at the time that Allstate persistently but unsuccessfully tried to serve him with the summons and complaint in this case. He argues that it was his father, Robert E. Hall, who was served with the summons and complaint and that the default judgment was actually a judgment against his father. He further asserts that he first learned of this declaratory action only after judgment had been entered.

Hall's arguments have no basis in fact. None of the excuses proffered by Hall constitutes "mistake, inadvertence, surprise or excusable neglect." He had been served with a counter complaint in a lawsuit he himself initiated. He sought representation by Allstate pursuant to his parents' homeowner's insurance. Allstate agreed to provide a defense under reservation of rights and thereafter filed this claim for a declaration of its obligations to Hall. The complaint describes the party being sued and the nature of the lawsuit. As of at least March 17, 1986, when he telephoned Allstate's counsel to inquire about the motion for substituted service, Hall had notice that a lawsuit was pending against him. *Boatman v. Thomas*, 320 F.Supp. 1079 (1971). The presence or absence of "Jr." affixed to Hall's name in the caption of the complaint does not control the identification of the proper defendant where it was obvious who was being sued. Indeed, substituted service was accomplished by certified mail addressed to Hall with the "Jr." affixed. Moreover, service by certified mail to Hall's last known address was appropriate under MCR 2.105(B)(1)(b). Therefore, service of process had been effectuated.

In *United Coin Meter v. Seaboard Coastline Railroad*, 705 F.2d 839 (6th Cir. 1983), the Sixth Circuit agreed with the Third Circuit that the three factors which control the decision of a Rule 55(c) motion to set aside clerk's entry of default also apply to a Rule 60(b) motion to set aside default judgment:

> Rule 55(c), Fed.R.Civ.P., provides in relevant part: "For good cause shown the court may set aside an entry of default ..." Though the decision lies within the discretion of the trial court, (citations omitted) exercise of that discretion entails consideration of whether (1) the default was willful, (2) a set aside would

prejudice plaintiff, and (3) the alleged defense was meritorious ...

705 F.2d 839, 844, citing *Keegel v. Key West & Caribbean Trading Co., Inc.,* 627 F.2d 372, 373 (D.C.Cir.1980) and cases cited therein.

On consideration of the factors applicable to a Rule 55(c) motion, this court concludes that Hall's motion to set aside default judgment should be denied. To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings. *Shepard Claims Service v. William Darrah & Associates,* 796 F.2d 190 (6th Cir.1986). In deliberately attempting to avoid service, Hall demonstrated an intent to thwart judicial proceedings. Moreover, in failing to act before default judgment was entered—particularly since so many pleadings had been mailed to him, receipt of which he acknowledged—Hall showed disregard for the effect of his conduct on the proceedings. Default in this case is attributable to the defendant's culpable conduct.

Further, Allstate will be prejudiced if the judgment is set aside. Allstate filed this declaratory action in August, 1985, and considered the matter resolved upon entry of judgment. If the matter is reopened at this time, Allstate will again be required to provide legal counsel for Hall in his underlying lawsuit.

Finally, it is not entirely clear whether Hall has a meritorious defense in this action. The law in Michigan is that the duty of an insurer to defend depends upon the allegations in the underlying complaint. This duty may even extend to actions which are groundless, false or fraudulent, so long as the allegations against the insured arguably come within the policy coverage. *Detroit Edison Co. v. Michigan Mutual Ins. Co.,* 102 Mich.App. 136, 301 N.W.2d 832 (1980). In this case the allegations appear to include intentional acts that are excluded from coverage under the Allstate policy. Even assuming, arguendo, that Hall's defense may be meritorious, this court finds

that consideration of the other two factors discussed above warrants denial of Hall's motion to set aside judgment of default. Accordingly,

IT IS ORDERED that defendant Hall's motion to set aside judgment of default is denied.