**EQUAL EMPLOYMENT OPPORTUNI-TY COMMISSION, Plaintiff,**

v.

**PETTEGROVE TRUCK SERVICE, INC., Defendant.**

**No. 88–8247–CIV.**

United States District Court, S.D. Florida.

Aug. 4, 1988.

Lois Foster–Steers, EEOC–Miami District Office, Miami, Fla., for plaintiff.

I. Jeffrey Pheterson, Schmidt & Pheterson, Boca Raton, Fla., for defendant.

ORDER

PAINE, District Judge.

This cause comes before the court upon Defendant's, PETTEGROVE TRUCK SERVICE, INC., Notice of Special Appearance and Motion to Dismiss or Quash Service of Process (DE 3), its supporting Memorandum (DE 4), Plaintiff's Response to Motion to Dismiss or Quash Service of Process (DE 7) and Defendant's Reply Memorandum (DE 8). Having reviewed the file and the relevant authorities, the court enters the following order.

Facts

Plaintiff, EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, during June of 1988, attempted to serve process, through a private process server, Melvin Glass, on three separate occasions. Ms. Donna Pettegrove is the sole officer, director, managing agent and registered agent of the Defendant company. The place of business of the company and the registered agent's office are one in the same, 1140 Fortune Circle, Wellington, Florida. During the first two attempts at service at the aforementioned address, Ms. Pettegrove was not present, but on both occasions, Mr. Glass saw the same man who appeared to be an employee. During the third attempt at service, the employee informed Mr. Glass that Ms. Pettegrove was rarely present and that she only stopped at the office to pick up and to deliver items. Mr. Glass, in an affidavit attached to Plaintiff's Response to the Motion, states that he "served the summons and complaint on the employee by placing the documents in his hand." (DE 7). The employee, who has now been identified as Ms. Pettegrove's husband, Bradley Pettegrove, also has executed an affidavit in which he swears that Mr. Glass deposited the papers on a work bench. There has been some confusion as to Mr. Pettegrove's position with respect to the Defendant corporation. Apparently, Bradley Pettegrove was listed by the Florida Department of State as being the vice president and di-

rector of PETTEGROVE TRUCK SER-VICE, INC. However, an affidavit executed by Defendant's attorney indicates that this information is in error as Mr. Pettegrove resigned from such positions in 1986 (DE 8). Defendant now argues that the case should be dismissed or the service quashed because service on Bradley Pettegrove was insufficient under the Federal Rules of Civil Procedure.

### Applicable Law

The Federal Rules of Civil Procedure offer several options for one attempting service of process upon a corporate defendant. Rule 4(d)(3) provides that service may be made upon a domestic or foreign corporation "by delivering a copy of the summons and of the complaint to an officer, managing or general agent, or to any other agent authorized by appointment or by law to receive service of process...." As Bradley Pettegrove does not fall into any of these categories, service was not accomplished in accordance with Rule 4(d)(3).

In addition to Rule 4(d)(3), Rule 4(c)(2)(C)(i) provides that service may be made upon a corporation "pursuant to the law of the State in which the district court is held for the service of summons or other like process upon such defendant in an action brought in the courts of general jurisdiction of that State...." In Florida, service of process upon a corporation is governed by § 48.081 of the Florida Statutes. The statute provides a list of officers and agents, in order of preference, upon whom service may be made. Subsection (3) of the statute provides

> [a]s an alternative to all of the foregoing, process may be served on the agent designated by the corporation under s. 48.-091. However, if service cannot be made upon a registered agent because of failure to comply with s. 48.091, service shall be permitted on any employee at the corporation's place of business.

Plaintiff argues that service upon Bradley Pettegrove was proper because Defendant has failed to comply with subsection (2) of § 48.091 of the Florida Statutes. The court agrees.

Florida Statute § 48.091(2) states, in pertinent part, that

> [e]very corporation shall keep the registered office open from 10:00 a.m. to 12 noon each day except Saturdays, Sundays, and legal holidays, *and shall keep one or more registered agents upon whom process may be served at the office during these hours* (emphasis supplied).

Under the statute, Ms. Donna Pettegrove, as the only registered agent, was required to be present in the registered office from 10:00 a.m. until 12 noon, Monday through Friday, for the purpose of receiving process if necessary. If her presence was not feasible, due to the nature of Defendant's business or any other reason, then it was Defendant's obligation to designate someone who could be present as registered agent in order to be in compliance with the statute.

Defendant argues that service was still insufficient under the authority of *Ludlum Enterprises, Inc. v. Outdoor Media, Inc.,* 250 So.2d 649 (Fla. 4th Dist.Ct.App.1971). Reliance on *Ludlum Enterprises* is misplaced. In that case the court found that denial of a motion to quash was improper because the party opposing the motion had not shown that any of the officers or agents listed in subsection (1)(a) through (d) of § 48.081 were absent and could not be served. *Id.* at 649–50. This is not the situation in the instant case. Donna Pettegrove, the sole officer and agent of the Defendant corporation, was not present on any of the three occasions that Mr. Glass attempted service. Defendant also attempts to argue that in the absence of the appropriate corporate official, Plaintiff should have resorted to substituted service by publication. For this proposition, Defendant relies upon *Dade Erection Serv. v. Sims Crane Serv.,* 379 So.2d 423, 426 n. 9 (Fla. 2d Dist.Ct.App.1980). The flaw in Defendant's reliance on *Dade Erection Serv.* lies in the fact that the case interpreted an earlier version of § 48.081 which did not contain the provision which permits service upon "any employee at the corporation's place of business...." In the absence of Donna Pettegrove, the sole officer

and registered agent, it was proper to serve Bradley Pettegrove, an employee present at the place of business. The court does not find that the dispute as to whether the summons and complaint was placed in Mr. Pettegrove's hand or on the work bench is of great import. It appears Mr. Pettegrove understood the nature of the papers being served. It is also apparent that he was rather evasive and uncooperative when Mr. Glass attempted service.

In view of all of the foregoing, it is hereby ORDERED and ADJUDGED that Defendant's, PETTEGROVE TRUCK SERVICE, INC., Motion to Dismiss or Quash Service of Process (DE 3) is DENIED. Defendant is admonished to cooperate with Plaintiff in executing a return of service in order for Plaintiff to comply with Rule 4(g) of the Federal Rules of Civil Procedure.

DONE and ORDERED.