SAMSON SALES, INC., APPELLANT, *v.*
HONEYWELL, INC., APPELLEE.

(No. 80-1169—Decided June 3, 1981.)

*Mr. Seymour Gross,* for appellant.
*Mr. Michael A. Thomas,* for appellee.

CLIFFORD F. BROWN, J.   This case requires this court to

interpret Civ. R. 4, governing methods of service of process in civil cases. The issue raised is whether service of summons and complaint by certified mail addressed only to a corporation and not an officer or agent of that corporation fulfills the requirements of service of process as outlined in Civ. R. 4. Contrary to the reasoning of the Court of Appeals below, we hold that a corporation may be served within the meaning of Civ. R. 4 when the summons and complaint are delivered by certified mail to the usual place of business of the corporation and not specifically addressed to an officer or agent of that corporation.

Civ. R. 4.1, before its amendment effective July 1, 1980, provided in pertinent part:

"(1) Service of any process shall be by certified mail unless otherwise permitted by these rules. *The clerk* shall place a copy of the process and complaint or other document to be served in an envelope. He *shall address the envelope to the person to be served at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk* with instructions to forward.***" (Emphasis added.) Civ. R. 4.1 vests the clerk of court with the duty to address the envelope containing the process and mail it to "the person to be served." Civ. R. 4.2 defines who constitutes a proper "person to be served":

"Service of process***shall be made as follows:
"***

"(6) Upon a corporation either domestic or foreign: by serving the agent authorized by appointment or by law to receive service of process; *or* by serving the corporation by certified mail at any of its usual places of business; *or* by serving an officer or a managing or general agent of the corporation." (Emphasis added.)

Civ. R. 4.2 (6) sets out three alternative definitions of who is a proper "person to be served" on a corporation. The second alternative method was the one employed in this case.

This court has already determined, in the context of Civ. R. 4.3(B)(1),[2] that, upon return of the signed receipt, service

---

[2] Civ. R. 4.3, before its amendment effective July 1, 1980, in part, provided:
"(B) Methods of service
"(1) Service by certified mail. Service of any process shall be by certified mail

of process is effective even if not delivered to the defendant or to a person authorized by appointment or by law to receive service of process for defendant. *Mitchell* v. *Mitchell* (1980), 64 Ohio St. 2d 49, paragraph one of the syllabus. The relevant language of Civ. R. 4.3(B)(1) is almost identical to that of Civ. R. 4.1 (1). It follows, therefore, that service of process by certified mail upon a corporation is effective even though not addressed to an officer or agent of that corporation.[3]

Service of process made at the business address of an individual or a corporation pursuant to Civ. R. 4.1 (1), however, must comport with the requirements of due process. *Regional Airport Authority* v. *Swinehart* (1980), 62 Ohio St. 2d 403. The standard of due process, first enunciated in *Mullane* v. *Central Hanover Bank & Trust Co.* (1950), 339 U. S. 306, at page 314, is as follows:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is *notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.*" (Emphasis added.)

See, also, *Mitchell* v. *Mitchell, supra,* at page 51; *Regional Airport Authority* v. *Swinehart, supra,* at page 406; *In re Foreclosure of Liens* (1980), 62 Ohio St. 2d 333.

In this case, use of Honeywell's business office address in Cleveland for service of process appears reasonably calculated, under all the circumstances, to apprise Honeywell of the pendency of the action. Despite the fact that the summons and complaint apparently never reached the proper Honeywell

unless otherwise provided by this rule. The clerk shall place a copy of the process and complaint or other document to be served in an envelope and shall address the envelope to the person to be served at his last known address set forth in the caption or set forth in written instructions furnished to the clerk, with instructions to forward. He shall***place the sealed envelope in the United States mail as certified mail return receipt requested***.

"The clerk shall forthwith enter the fact of mailing on the appearance docket and make a similar entry when the return receipt is received by him.****"

[3] Civ. R. 4.3(B)(1) and 4.1(1) were amended, effective July 1, 1980, to specify that service of process may be "[e]videnced by return receipt signed by any person." This recent clarification of the proper mode of service demonstrates the General Assembly's intent that service of process by certified mail may be made to anyone present "at the address set forth in the caption or at the address set forth in written instructions furnished to the clerk with instructions to forward."

294

department or officer, Honeywell was not denied due process of law. The problem was not with the address used by the clerk of court, but with Honeywell's own handling of its incoming mail.

Since the service of process in this case complied with Civ. R. 4 and fulfilled due process requirements, it follows that the Court of Appeals was in error to dismiss the case.

The record reveals that defendant Honeywell's motion to vacate was timely filed, that a meritorious defense could be presented, and, thus, that Honeywell was entitled to relief from the default judgment pursuant to Civ. R. 60(B)(5) under the standards set forth in *GTE Automatic Electric* v. *ARC Industries* (1976), 47 Ohio St. 2d 146, paragraphs two and three of the syllabus.

Therefore, the judgment of the Court of Appeals is reversed and the cause remanded to the Court of Common Pleas for further proceedings.

*Judgment reversed and*
*cause remanded.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.