MILEY et al., Appellants,

v.

STS SYSTEMS, INC., et al., Appellees.

[Cite as *Miley v. STS Systems, Inc.*, 153 Ohio App.3d 752, 2003-Ohio-4409.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 02AP–1321.

Decided Aug. 21, 2003.

The Brunner Firm Co., L.P.A., Rick L. Brunner and D. Chadd McKitrick, for appellants.

Vorys, Sater, Seymour & Pease, L.L.P., and Douglas L. Rogers, for appellees.

BROWN, Judge.

{¶ 1} Richard and Patricia Miley, plaintiffs-appellants, appeal the judgment of the Franklin County Court of Common Pleas granting the motion to vacate and/or set aside the judgment filed by SLZ Corporation ("SLZ"), defendant-appellee.

{¶ 2} In July 1997, Richard entered into an employment agreement with Merchandise Management Systems, Inc. ("Merchandise"), defendant-appellee. He entered into a separate covenant not to compete with STS Systems, Inc. ("STS"), defendant-appellee. On May 15, 2000, appellants filed an action against STS and Merchandise for breach of the employment agreements, age discrimination, and loss of consortium. Appellants attempted service by certified mail upon STS and Merchandise in Bensalem, Pennsylvania, and Basking Ridge, New Jersey, respectively. The attempted certified mail service failed. Believing STS and Merchandise to be foreign corporations not licensed to do business in the state of Ohio, appellants had a special process server appointed to serve Merchandise and STS through the Ohio Secretary of State pursuant to R.C. 1703.191 and 1705.58. On December 4, 2000, the Ohio Secretary of State was served as the agent for both STS and Merchandise, with appellants again indicating that the addresses of STS and Merchandise were Bensalem, Pennsylvania, and Basking Ridge, New Jersey, respectively. On December 13, 2000, proof of service on STS and Merchandise, through the Ohio Secretary of State, was filed with the court, indicating that the Ohio Secretary of State had attempted service.

{¶ 3} STS and Merchandise did not file answers to the complaint, and appellants filed a motion for default judgment on January 12, 2001. On January 24, 2001, the motion for default judgment was granted. A damages hearing was held, and appellants were awarded damages pursuant to judgment on March 27, 2001. Another complaint was filed in 2002 against STS, Merchandise, and other companies and individuals, attempting to collect on the default judgments. Service for the 2002 complaint included the correct address for STS and Merchandise. Upon receiving notice of the 2002 complaint, on September 10, 2002, a motion to vacate and/or set aside the default judgment was filed by SLZ, the successor corporation of STS and Merchandise (sometimes collectively referred to as "appellees"). On November 15, 2002, the court granted SLZ's

motion and vacated the default judgment. Appellants appeal the judgment of the trial court, asserting the following two assignments of error:

{¶ 4} "[I] The trial court erred in vacating the judgment finding that it was void on the basis that the appellants did not procure proper service upon the appellees."

{¶ 5} "[II] The trial court erred by conducting its own research in rendering its decision."

{¶ 6} Appellants argue in their first assignment of error that the trial court erred in vacating the judgment and finding it void on the basis that they did not procure proper service upon appellees. A court lacks personal jurisdiction to enter a default judgment against a defendant where effective service of process has not been made upon the defendant and the defendant has not appeared in the case or otherwise waived service. *Rite Rug Co., Inc. v. Wilson* (1995), 106 Ohio App.3d 59, 62, 665 N.E.2d 260. Absent proper service, the trial court lacks jurisdiction to enter a judgment, and if a judgment is nevertheless rendered, it is a nullity and void ab initio. *O.B. Corp. v. Cordell* (1988), 47 Ohio App.3d 170, 171, 547 N.E.2d 1201.

{¶ 7} The authority to vacate a void judgment is not derived from Civ.R. 60(B) but, rather, constitutes an inherent power possessed by Ohio courts. *Lincoln Tavern v. Snader* (1956), 165 Ohio St. 61, 59 O.O. 74, 133 N.E.2d 606, paragraph one of the syllabus; *Westmoreland v. Valley Homes Mut. Hous. Corp.* (1975), 42 Ohio St.2d 291, 294, 71 O.O.2d 262, 328 N.E.2d 406; see, also, *Internatl. Lottery, Inc. v. Kerouac* (1995), 102 Ohio App.3d 660, 671, 657 N.E.2d 820. A Civ.R. 60(B) motion is a collateral attack upon a judgment, but a motion to vacate a judgment due to lack of jurisdiction is a direct attack upon a judgment. *In re Miller* (1986), 33 Ohio App.3d 224, 227, 515 N.E.2d 635. Further, because courts have inherent power to vacate their own void judgments, motions to vacate void judgments "need not satisfy the requirements of Civ.R. 60(B)." Id.; *Community Ins. Co. v. Sullivan* (June 30, 1997), Franklin App. No. 96APE12–1750, 1997 WL 359270. Thus, the appropriate recourse for challenging a void judgment that is encumbered by a jurisdictional defect is to file a common-law motion to vacate based upon the inherent power of a trial court to set aside a judgment. See *Molz v. Magdych* (Aug. 23, 1996), Trumbull App. No. 96–T–5396, 1996 WL 537858, citing *Thorpe v. Oakford* (Jan. 19, 1996), Portage App. No. 94–P–0057, 1996 WL 200580; see, also, *Patton v. Diemer* (1988), 35 Ohio St.3d 68, 518 N.E.2d 941, paragraph four of the syllabus ("The authority to vacate a void judgment is not derived from Civ.R. 60(B) but rather constitutes an inherent power possessed by Ohio courts"). The decision of a trial court regarding a motion to vacate a judgment will not be overturned on appeal absent an abuse of discretion.

*Hoffman v. New Life Fitness Ctrs., Inc.* (1996), 116 Ohio App.3d 737, 739, 689 N.E.2d 84, citing *Terwoord v. Harrison* (1967), 10 Ohio St.2d 170, 171, 39 O.O.2d 167, 226 N.E.2d 111.

{¶ 8} Appellants claim that they were entitled to perfect service upon STS and Merchandise through the Ohio Secretary of State pursuant to R.C. 1703.191 and 1705.58. R.C. 1703.191 provides:

{¶ 9} "Any foreign corporation required to be licensed under sections 1703.01 to 1703.31 of the Revised Code, which transacts business in this state without being so licensed, shall be conclusively presumed to have designated the secretary of state as its agent for the service of process in any action against such corporation arising out of acts or omissions of such corporation within this state, including, without limitation, any action to recover the statutory forfeiture for failure to be so licensed. Pursuant to such service, suit may be brought in Franklin county, or in any county in which such corporation did any act or transacted any business. Such service shall be made upon the secretary of state by leaving with him, or with an assistant secretary of state, duplicate copies of such process, together with an affidavit of the plaintiff or one of the plaintiff's attorneys, showing the last known address of such corporation, and a fee of five dollars which shall be included as taxable costs in case of judicial proceedings. Upon receipt of such process, affidavit, and fee the secretary of state shall forthwith give notice to the corporation at the address specified in the affidavit and forward to such address by certified mail, with a request for return receipt, a copy of such process.

{¶ 10} "The secretary of state shall retain a copy of such process in his files, keep a record of any such process served upon him, and record therein the time of such service and his action thereafter with respect thereto.

{¶ 11} "This section does not affect any right to serve process upon a foreign corporation in any other manner permitted by law."

{¶ 12} R.C. 1705.58(C) provides:

{¶ 13} "A foreign limited liability company that transacts business in this state without registration in accordance with sections 1705.53 to 1705.58 of the Revised Code or that cancels its registration as a foreign limited liability company under those sections appoints the secretary of state as its agent for service of process, notices, and demands for causes of action arising out of its transaction of business in this state."

{¶ 14} Thus, pursuant to these sections, the only circumstances under which a foreign corporation or limited liability company may be conclusively presumed to have designated the Ohio Secretary of State as its agent for the service of process is when that foreign corporation is not licensed to do business in Ohio.

{¶ 15} In the present case, Merchandise filed a license to do business in Ohio on October 21, 1996, as evidenced by the state of Ohio foreign corporation application for license presented by appellees. The foreign corporation application for license indicated that Merchandise was a Delaware corporation with a principal office in Basking Ridge, New Jersey, and indicated that it had appointed CSC–Lawyers Incorporating Service ("CSC–Lawyers") as its statutory agent. On April 25, 2000, STS (hereinafter referred to as "STS–Connecticut Corporation") filed a certificate of merger in Delaware to merge with Merchandise, with a new name of STS Systems, Inc. (hereinafter referred to as "STS–Delaware Corporation"). The Delaware certificate of merger specifically provided that (1) Merchandise is the surviving corporation, (2) the certificate of incorporation of Merchandise is the certificate of incorporation of the surviving corporation, (3) the principal place of business is Whippany, New Jersey, and (4) the name of the surviving corporation is "STS Systems, Inc." On May 24, 2000, Merchandise submitted to the Ohio Secretary of State a certificate of amendment to foreign corporation application for license, indicating that Merchandise was amending its name to "STS Systems, Inc.," with its principal office in Whippany, New Jersey, and appointing CSC–Lawyers as its statutory agent.

{¶ 16} Appellants claim that they were entitled to perfect service through the Ohio Secretary of State pursuant to R.C. 1703.191 and 1705.58. Although our analysis is slightly different from that of the trial court's, the result is the same. With regard to appellants' attempt to serve Merchandise with the complaint, as of May 15, 2000, the date of the filing of appellants' complaint in Ohio, Merchandise was licensed in Ohio. Merchandise had filed a license to do business in Ohio on October 21, 1996, in which it appointed CSC–Lawyers as its statutory agent. Thus, it was a foreign corporation licensed in Ohio and outside the purview of R.C. 1703.191 and 1705.58. Therefore, appellants could not take advantage of the service procedures provided in these code sections.

{¶ 17} With regard to appellants' attempt to serve STS–Connecticut Corporation with the complaint, as of May 15, 2000, STS–Connecticut Corporation had merged into Merchandise and no longer existed as a separate entity. Pursuant to Del.Code Ann., Title 8, Section 259(a), upon the effective date of a merger, the separate existence of all constituent corporations, except the one into which the other or others of such constituent corporations have been merged, shall cease and the constituent corporations shall become a new corporation, or be merged into one of such corporations. Thus, clearly, any attempt by appellants to serve STS–Connecticut Corporation in any way with the complaint in the present case was ineffectual because STS–Connecticut Corporation no longer existed. Rather, as of May 15, 2000, STS–Connecticut Corporation was merged with Merchandise (with a new name of STS Systems, Inc.). Regardless of

appellants' lack of knowledge of the merger, STS–Connecticut Corporation simply did not exist under a separate corporate identity as of May 15, 2000. Further, pursuant to Del.Code Ann., Title 8, Section 259(a), upon the effective date of a merger or consolidation, all assets of the merged corporation, including any causes of action that may exist on its behalf or against it, pass to the surviving corporation by operation of law. Thus, because STS–Connecticut Corporation was absorbed by Merchandise as of May 15, 2000, any attempt by appellants to serve STS–Connecticut Corporation had to be effectuated through service of Merchandise (STS–Delaware Corporation). In turn, because Merchandise was licensed in Ohio as of May 15, 2000, STS–Connecticut Corporation was also considered to be licensed within the meaning of R.C. 1703.191 and 1705.58. Consequently, appellants could also not take advantage of the procedures contained in these code sections with regard to serving STS–Connecticut Corporation. Accordingly, because Merchandise and STS–Connecticut Corporation were foreign corporations licensed to do business in Ohio as of May 15, 2000, R.C. 1703.191 and 1705.58 applied to neither STS nor Merchandise, and appellants could not use these procedures to serve them.

{¶ 18} Further, we note that, as indicated above, Merchandise filed its certificate of amendment in Ohio to change its name to "STS Systems, Inc.," a Delaware corporation, on May 24, 2000. Thus, such amendment is irrelevant to whether appellants effected proper service on any party based upon the filing date of their complaint, May 15, 2000. Further, it is important to note that when appellants served the Ohio Secretary of State on December 4, 2000, STS–Delaware Corporation was licensed to do business in Ohio, and, thus, any attempt to serve the Ohio Secretary of State pursuant to R.C. 1703.191 and 1705.58 would have also been improper at that time.

{¶ 19} In addition, appellants argue that STS–Delaware Corporation is not one of the entities with which Miley entered into the employment contracts, and, thus, appellants were neither responsible nor obligated to STS–Delaware Corporation. However, Del.Code Ann., Title 8, Section 259(a) makes clear that STS–Delaware Corporation, as the surviving corporation, is vested with and possesses all the rights, privileges, powers, franchises, property, and every other interest of the constituent corporations, and is subject to all the restrictions, disabilities, debts, and duties of the constituent corporations, as if incurred or contracted by the surviving corporation. Further, appellants maintain that they were not required to investigate the corporate status of STS–Connecticut Corporation or Merchandise to determine if they had been acquired by or merged with another corporation. Although appellants may have had no specific duty to determine if STS–Connecticut Corporation or Merchandise had been acquired by or merged with another corporation, they cannot escape the consequences of such a merger and

must accept the potential results of their failure to investigate, namely, a later motion to vacate the default judgment for lack of service.

{¶ 20} Therefore, because service was not proper pursuant to R.C. 1703.191 and 1705.58, we must examine whether service upon appellees was proper by any other method. Due process requires that service of process be accomplished in a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action," and to give them an opportunity to appear. *Samson Sales v. Honeywell, Inc.* (1981), 66 Ohio St.2d 290, 293, 20 O.O.3d 277, 421 N.E.2d 522, citing *Mullane v. Cent. Hanover Bank & Trust Co.* (1950), 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865; see, also, *In re Foreclosure of Liens* (1980), 62 Ohio St.2d 333, 16 O.O.3d 393, 405 N.E.2d 1030, syllabus. In Ohio, this means that service must be made in accordance with the Ohio Rules of Civil Procedure. If there is not compliance with these rules, then service is improper and a valid judgment cannot be rendered .against the defendant. See *Household Retail Services, Inc. v. Colon* (July 5, 1991), Erie App. No. E–90–66, 1991 WL 122859; accord *Westmoreland,* supra.

{¶ 21} In the present case, Civ.R. 4.2(F) governs service of process upon appellees. Civ.R. 4.2(F) provides that service may be made upon a corporation, either domestic or foreign, by serving the agent authorized by appointment or by law to receive service of process, by serving the corporation by certified or express mail at any of its usual places of business, or by serving an officer or a managing or general agent of the corporation. Civ.R. 4.3(B) permits out-of-state service upon a corporation by certified mail. Here, appellants attempted certified mail service upon STS and Merchandise at Bensalem, Pennsylvania, and Basking Ridge, New Jersey, respectively, but the envelopes were returned as undeliverable. Civ.R. 4.3(B)(1) provides that if the envelope is returned with an endorsement showing failure of delivery, service is complete when the attorney or serving party, after notification by the clerk, files with the clerk an affidavit setting forth facts indicating the reasonable diligence used to ascertain the whereabouts of the party to be served. Civ.R. 4.3(B)(2) also permits personal service. Appellants never executed an affidavit setting forth facts indicating reasonable diligence to ascertain the whereabouts of appellees and, we also note, did not attempt any other type of ordinary mail or personal service, opting instead to serve the Ohio Secretary of State pursuant to R.C. 1703.191, which we found above to have been improper and ineffective. Further, although pursuant to Civ.R. 4.1 and 4.2(F), appellants could have also served appellees' Ohio statutory agent, as listed in the application for license, via certified mail, they did not. Viewing these actions as a whole, nothing in the record indicates any basis for finding that the service attempted by appellants had been reasonably calculated to apprise appellees of the pendency of the action. A court does not abuse its

discretion in finding that service was void ab initio under such circumstances. *Grant v. Ivy* (1980), 69 Ohio App.2d 40, 43, 23 O.O.3d 34, 429 N.E.2d 1188.

{¶ 22} Appellants also argue under this assignment of error that the trial court erred in relying upon copies of affidavits and other documents attached to appellees' motion to vacate because they were not the originals and were not verified or certified. Because these include many of the same documents that we relied upon in our above analysis, we must address this issue. Appellees' motion to vacate included the following: (1) a copy of the affidavit of Howard Stotland, president of STS, (2) a copy of Merchandise's 1996 State of Ohio foreign corporation application for license, (3) a copy of the Delaware verification of incorporation for Merchandise, (4) a copy of the May 24, 2000 Ohio certificate of amendment to application for license changing name to STS Systems, Inc., (5) a copy of the April 25, 2000 Delaware Secretary of State authentication of the Delaware certificate of merger, (6) a copy of the Delaware certificate of merger, and (7) a copy of the affidavit of Richard Selwood, manager with Corporation Service Company—Prentice Hall Corporation Systems, Inc.

{¶ 23} In appellants' memorandum contra appellees' motion to vacate, appellants argued that appellees improperly attached to their motion to vacate copies of affidavits, not the originals, and none of the other documents attached were verified or certified. In appellees' reply to appellants' memorandum contra, appellees attached the following: (1) the original affidavit of Howard Stotland, (2) a certified copy of Merchandise's 1996 State of Ohio foreign corporation application for license, (3) a certified copy of Delaware verification of incorporation for Merchandise filed with the Ohio Secretary of State, (4) a certified copy of the May 24, 2000 Ohio certificate of amendment to application for license changing name to STS Systems, Inc., (5) the original April 25, 2000 Delaware Secretary of State authentication of the Delaware certificate of merger, (6) a certified copy of the Delaware certificate of merger, and (7) the original affidavit of Richard Selwood. In response, appellants filed a motion to strike appellees' reply and motion for leave to file surreply, arguing that appellees attempt to file the originals in its reply instead of its original motion violated Civ.R. 6(D).

{¶ 24} In its decision, the trial court denied appellants' motion to strike and to file surreply, holding that although matters in a reply are limited to rebuttal, appellees could have submitted the originals and certified copies by simply filing an amendment to the motion to vacate. The court found that even though the originals and certified documents were attached to the reply rather than the motion, that was an insufficient basis to strike the brief, and, regardless, the remedy for failing to comply with Civ.R. 10(D) was to provide an opportunity to cure the deficiency.

{¶ 25} We first note that we can find no authority that Civ.R. 10(D) may be applied to a motion to vacate a void default judgment. Civ.R. 10(D) is generally

applied only to a plaintiff's failure to attach to its complaint a copy of a written instrument. Notwithstanding, Civ.R. 10(D) does not require the original of a document to be attached; a copy is sufficient. See 1 Klein & Darling, Civil Practice (1997) 667, Section 10–12. Therefore, Civ.R. 10(D) is inapplicable to the present circumstances.

{¶ 26} With regard to the copies of the affidavits attached to the original motion to vacate, it has been held that, although Civ.R. 6(D) requires the affidavit to be attached to the original motion, a trial court acts within its discretion when it accepts, via a later motion, a substituted affidavit to replace an erroneous affidavit attached to the original motion. *First Natl. Bank of Ohio v. Cassell* (Dec. 15, 1993), Summit App. No. 16307, 1993 WL 526635. Thus, in the present case, even assuming arguendo that the affidavits attached to the motion to vacate were improper copies, appellees could have opted to submit the original affidavits in a later motion to amend. As the trial court held, that appellees chose to achieve the same objective by attaching the original affidavits to the reply rather than submitting them in a motion to amend was of no consequence. In order to demonstrate reversible error, the complaining party must be prejudiced by the noncompliance with Civ.R. 6(D). *McNamara v. Best Products Co.* (Feb. 16, 1989), Cuyahoga App. No. 55012, 1989 WL 12936 (relating to the notice requirements of Civ.R. 6[D] ). Clearly, appellants were not prejudiced by appellees' attachment of the original affidavits to the reply. Appellees could have submitted the original affidavits in a motion to amend. Further, appellants were already aware and on notice of the contents of the affidavits and were not ambushed by the later attachment of the originals in the reply. Appellants do not dispute the authenticity or admissibility of the original affidavits attached to appellees' reply. In sum, we find no Civil Rule, case law, rule of logic, or equitable concern that would prohibit appellees' actions under the present circumstances. Therefore, the trial court did not err in considering the affidavits.

{¶ 27} This same reasoning is equally applicable to the other documents attached to appellees' reply. Even if, assuming arguendo, the other documents attached to the reply were improper as being unauthenticated and inadmissible, we find appellants suffered no prejudice by appellees' filing the originals and certified copies of the these documents in their reply memorandum. The originals and certified copies attached to the reply were the same as the copies attached to the motion to vacate, and, thus, appellants had prior notice of the contents of the documents. The documents attached to appellees' reply memorandum merely satisfied the technical requirements of authenticity and admissibility, and appellants suffered no prejudice by their attachment thereto. As with the original affidavits, appellants do not dispute the authenticity or admissibility of the originals and certified copies of the other documents attached to appellees'

reply. Thus, the trial court did not err in considering these documents. We also note that, although appellants also raise an issue with regard to a new document executed by an employee of the Ohio Secretary of State that was submitted with appellees' reply, as this document is not relevant to our above analysis, this issue is moot. Therefore, the trial court did not abuse its discretion in granting appellees' motion to vacate the default judgment. Appellants' first assignment of error is overruled.

{¶ 28} Appellants argue in their second assignment of error that the trial court erred by conducting its own factual research in rendering its decision. The trial court found that a check of the Ohio Secretary of State's website would have revealed that on May 24, 2000, a certificate of amendment to foreign corporation's application for license was filed indicating that Merchandise was now named STS Systems, Inc. Appellants claim that although appellees submitted copies of the Ohio Secretary of State's Internet pages, those web pages were recent pages, and the finding by the trial court would require actual documentation from a search performed during the pertinent prior years. However, as our disposition of appellants' first assignment of error does not depend upon these Internet pages, this issue is moot. Therefore, appellants' second assignment of error is moot.

{¶ 29} We are mindful that the law does not favor judgments by default, and "it is a basic tenet of Ohio Jurisprudence that cases should be decided whenever possible on their merits after giving all parties their day in court." *Arrow Builders, Inc. v. Delawder* (Nov. 30, 2000), Marion App. No. 9–2000–70, 2000 WL 1760609. In the instant case, appellees face a potential judgment against it in the amount of $171,000, plus costs and postjudgment interest. This court has before noted the federal courts' observation that " '[m]atters involving large sums [of money] should not be determined by default judgments if it can reasonably be avoided. * * * Any doubt should be resolved in favor of the petition to set aside the judgment so that cases may be decided on their merits.' " *Estate of Orth v. Inman,* Franklin App. No. 99AP–504, 2002-Ohio-3728, at ¶ 30, 2002 WL 1626149, quoting *United States v. Williams* (D.C.Ark.1952), 109 F.Supp. 456, 461, citing *Henry v. Metro. Life Ins. Co.* (D.C.Va.1942), 3 F.R.D. 142, 144. Given our analysis that appellees clearly did not receive proper service of the complaint in this case, allowing the default judgment to stand on such a large money judgment would be inapposite to justice. Justice would best be served by a trial on the merits.

{¶ 30} Accordingly, appellants' first assignment of error is overruled, their second assignment of error is moot, and the judgment of the Franklin County Court of Common Pleas is affirmed.

Judgment affirmed.

PETREE, P.J., and WATSON, J., concur.