OPINION
{¶ 1} Defendant-appellant, Doris Dunno, appeals from a judgment of the Franklin County Municipal Court denying her motion for relief from judgment. Because appellant did not receive proper service of the pending action prior to the entry of the default judgment, we reverse that judgment and remand this matter for proceedings consistent with this opinion.
 {¶ 2} On September 22, 1998, appellant entered into a written lease agreement with plaintiff-appellee, Don Ash Properties, to rent property located at 1137 Franklin Avenue in Columbus, Ohio ("the property"). On August 20, 1999, appellee filed a complaint in forcible entry and detainer seeking to have appellant evicted from the property. The second cause of action in appellee's complaint sought unpaid rent and late charges, as well as other monetary damages. On August 30, 1999, the trial court appointed a process server to serve appellant with the summons and complaint. On September 2, 1999, the process server posted a copy of the summons and other documents in a conspicuous place on the property. See R.C. 1923.06(E). Service was also issued by the clerk of courts by ordinary mail delivered to the property's address on August 30, 1999. However, on September 8, 1999, that mailing was returned to the clerk's office for failure of service, with the envelope marked "Return to Sender" and a new address for appellant, "HC 63 Box 655, Inez, KY, 41224-9202" written on the front of the returned envelope. The record reflects that no attempt was made to obtain service of process on appellant at appellant's new address.
 {¶ 3} On September 10, 1999, the trial court dismissed the eviction cause of action because appellant had already vacated the property. However, appellee's claims for monetary damages remained pending. On July 21, 2000, the trial court granted default judgment in favor of appellee in the amount of $3,844.38, plus interest and costs.
 {¶ 4} In January 2002, appellant discovered the existence of the default judgment and, thereafter, filed a motion requesting the trial court to vacate the default judgment. Appellant claimed the trial court did not have personal jurisdiction over her because she never received service of process. After a hearing, the trial court denied appellant's motion.
 {¶ 5} Appellant appeals, assigning the following assignments of error:
1. The trial court abused its discretion in summarily overruling defendant-appellant's civil rule 60(B) motion.
2. Ohio revised code § 1923.06 conflicts with rule 4 of the Ohio Rules of Civil Procedure, and is therefore invalid and of no force and effect.
3. Under the statutory scheme, service was not perfected, and the court had no jurisdiction over defendant-appellant to enter a default judgment.
 {¶ 6} Appellant appeals from the trial court's denial of her Civ.R. 60(B) motion for relief from judgment. The Supreme Court of Ohio set forth the requirements for obtaining relief from judgment in GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus:
To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.
 {¶ 7} Appellant contends that the trial court lacked personal jurisdiction to enter default judgment because appellee did not perfect proper service on her. Although appellant appeals from the denial of a Civ.R. 60(B) motion, this court has previously noted in a similar case:
 * * * A court lacks personal jurisdiction to enter a default judgment against a defendant where effective service of process has not been made upon the defendant and the defendant has not appeared in the case or otherwise waived service. * * * Absent proper service, the trial court lacks jurisdiction to enter a judgment, and if a judgment is nevertheless rendered, it is a nullity and void ab initio. * * *
C W Investment Co. v. Midwest Vending, Inc., Franklin App. No. 03AP-40, 2003-Ohio-4688, at ¶ 6 (citations omitted); see, also, Miley v. STS Systems, Inc., 153 Ohio App.3d 752, 2003-Ohio-4409, at ¶ 6.
 {¶ 8} A judgment entered without personal jurisdiction is void and the authority to vacate such a judgment "is not derived from Civ.R. 60(B), but rather constitutes an inherent power possessed by Ohio courts." Id., at ¶ 7, citing Lincoln Tavern v. Snader (1956),165 Ohio St. 61, paragraph one of the syllabus; see, also, Oxley v. Zacks (Sept. 29, 2000), Franklin App. No. 00AP-247. Accordingly, "a party who claims the court lacked personal jurisdiction as a result of a deficiency in service of process is entitled to have the judgment vacated and need not satisfy the requirements of Civ.R. 60(B)." C W Investment, supra; see, also, Sunrise Equipment Supply Co. v. Zlatanov, Stark App. No. 2003CA00111, 2003-Ohio-3638, at ¶ 8.
 {¶ 9} Therefore, we will first address appellant's third assignment of error in which appellant contends that service was not properly perfected. Appellee attempted service of process in accordance with R.C. 1923.06. Assuming without deciding whether the method of service set forth in this statute is valid for a claim for monetary damages, see C W Investments, supra, we agree that appellee did not properly perfect service on appellant.
 {¶ 10} R.C. 1923.06(A) provides that any summons in a forcible entry and detainer action, including a claim for possession, must be served as provided in that section. R.C. 1923.06(C) provides that the clerk must mail the summons and complaint by ordinary mail, as evidenced by a certificate of mailing, and must also serve process pursuant to subsection (D) or (E). In the present case, appellant utilized (D)(1)(c), which provides that service shall be made by any non-party, 18 years or older, who has been designated by order of the court as a process server. Subsection (D)(2)(c) further provides that, if the process server cannot locate the person to be served at the premises or cannot leave a copy of the summons and complaint with a person of suitable age found at the premises, the process server may effect service by posting a copy of the documents in a conspicuous place on the premises. However, if a process server posts the summons in a conspicuous place on the premises, subsection (F) provides that service of process is not deemed complete until the date that both ordinary mail service and service by posting have been completed.
 {¶ 11} Thus, in order to have perfected service in this case, appellee must have conspicuously posted the summons on the property and successfully completed service by ordinary mail. R.C. 1923.06(F). It is not contested that the summons was properly posted on the property. However, we agree with appellant that ordinary mail service was not completed in this case. Service by ordinary mail is presumed complete when a certificate of mailing is entered in the record, provided that the ordinary mail envelope is not returned for failure of delivery. Civ.R. 4.6(D); Oxley, supra; Ellas v. Steinberger (May 14, 1998), Licking App. No. 97CA151. The ordinary mail envelope addressed to the property's address in this case was returned to the clerk of court's office due to a failure of delivery. The record reflects no other attempt to serve process. Therefore, service by ordinary mail was never completed and service pursuant to R.C. 1923.06(F) was not perfected on appellant. Without proper service, the trial court lacked personal jurisdiction over appellant. Miley, supra; C W Investments, supra. The trial court's lack of personal jurisdiction over appellant renders its entry of default judgment void and the trial court erred in not vacating that judgment. Cf. id. (affirming vacation of default judgment entered without personal jurisdiction when service not perfected).
 {¶ 12} Accordingly, appellant's third assignment of error is sustained. Given our disposition of this assignment of error, we need not address appellant's first and second assignments of error. App.R. 12(A). The judgment of the Franklin County Municipal Court is reversed and the matter is remanded for proceedings consistent with this opinion.
Judgment reversed and remanded.
Bowman and Lazarus, JJ., concur.