{¶ 44} While I concur with Judge Farmer as to the disposition of appellant's second assignment of error, I believe that we never need to reach such issue.
 {¶ 45} While Judge Farmer, in her disposition of appellant's first assignment of error, finds that service of the complaint in this case was sufficient, I disagree.
 {¶ 46} A court lacks personal jurisdiction to enter a default judgment against a
 {¶ 47} defendant where effective service of process has not been made upon the defendant and the defendant has not appeared in the case or otherwise waived service. Rite Rug Co., Inc. v.Wilson (1995), 106 Ohio App.3d 59, 62, 665 N.E.2d 260. Due process requires that service of process be accomplished in a manner "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action," and to give them an opportunity to appear. Samson Sales v. Honeywell,Inc. (1981), 66 Ohio St.2d 290, 293, 421 N.E.2d 522. "In Ohio, this means that service must be made in accordance with the Ohio Rules of Civil Procedure." See Miley v. STS Systems, Inc.,153 Ohio App.3d 752, 760, 2003-Ohio-4409, 795 N.E.2d 1254. If there is not compliance with these rules, then service is improper and a valid judgment cannot be rendered against the defendant. Id. See Household Retail Services, Inc. v. Colon (July 5, 1991), Erie App. No. E-90-66; accord Westmoreland v. Valley Homes Mut.Hous. Corp. (1975), 42 Ohio St.2d 291, 328 N.E.2d 406.
 {¶ 48} Absent proper service, the trial court lacks jurisdiction to enter a judgment, and if a judgment is nevertheless rendered, it is a nullity and void ab initio. O.B.Corp. v. Cordell (1988), 47 Ohio App.3d 170, 171,547 N.E.2d 1201.
 {¶ 49} Civ.R. 4.2 states, in relevant part, as follows: "Service of process, except service by publication as provided in Civ.R. 4.4(A), pursuant to Civ.R. 4 through 4.6 shall be made as follows: . . . (F) Upon a corporation either domestic or foreign: by serving the agent authorized by appointment or by law to receive service of process; or by serving the corporation by certified or express mail at any of its usual places of business; or by serving an officer or a managing or general agent of the corporation."
 {¶ 50} In the case sub judice, appellee filed suit against appellant National Union, a Pennsylvania corporation with its principal place of business in New York City. As is stated above, the following name and address appear on appellee's complaint: "NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA c/o Robert A. Buffum, AIG Claim Services, Inc., P.O. Box 3021, Blue Bell, Pennsylvania 19422." Robert Buffum is a Senior Claims Specialist for AIG Claims Services, Inc., a separate corporation that adjusts claims for appellant and other insurance companies. Service was perfected upon Buffom at AIG Claim Services, Inc. on June 28, 2001.
 {¶ 51} Buffom, in his uncontradicted affidavit, which was filed with the trial court, stated in relevant part, as follows:
 {¶ 52} "I handle claims for multiple insurance companies affiliated with AIG and therefore act as their agent, although I do not believe that I am a general or managing agent of these companies for purpose of service . . .
 {¶ 53} "AIG Claim Services, Inc. is a separate corporation that adjusts claims for National Union and many other insurance companies. National Union is a Pennsylvania corporation with a principle (sic) place of business in New York. While I am an agent for National Union, I am not an officer or managing agent and do not believe I am an agent for service of process . . ."
 {¶ 54} Based on the foregoing, I would find that there is no evidence in the record establishing that Robert Buffom was an agent authorized by appointment or by law to receive service of process for appellant or that Buffom was an officer or a managing or general agent of appellant. While Buffom, in a letter to appellee dated February 28, 2001, which is prior to the filing of the complaint in this matter, indicated that AIG Claim Services, Inc. was the authorized agent of appellant, there is no evidence that AIG or Buffom was appellant's general agent. Furthermore, the complaint in the case sub judice was not served at any of appellant's usual places of business. As is stated above, appellant has a principal place of business in New York City. Appellant has no corporate offices at the Blue Bell, PA. address set forth in the complaint.
 {¶ 55} For the foregoing reasons, I would find that service was never properly perfected on appellant and that, therefore, the default judgment against appellant was void ab initio. On such basis, I would reverse the judgment of the trial court and remand this matter for further proceedings.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio as it pertains to service of the complaint, Assignment of Error I, is affirmed.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio as it pertains to the granting of default judgment, Assignment of Error II, is reversed and the matter is remanded to said court for further proceedings. Costs to be assessed to appellants.