OPINION
{¶ 1} Appellant, Joseph L. Parrish, appeals from the judgment of the Franklin County Court of Common Pleas, which denied appellant's motion to vacate: (1) the January 14, 2004 decision by appellee, the Ohio Real Estate Commission ("commission"), wherein the commission disciplined appellant, a real estate licensee; and (2) the trial court's judgment that affirmed the commission's decision.
 {¶ 2} Appellant has a real estate broker's license with the commission, and appellant is a broker for Horizons Real Estate Group, Inc. ("Horizons"). Carol Dwyer and Stephen Kuhr had worked with Horizons as real estate salespersons. Ultimately, Dwyer and Kuhr left Horizons and began working for another brokerage company. Before Dwyer and Kuhr left Horizons, they were involved in the sale of property on Alum Creek Drive. The sale of the property closed after Dwyer and Kuhr left Horizons, and appellant refused to pay them any commission stemming from the sale. Likewise, for a period of time after Dwyer and Kuhr left Horizons, appellant had not deactivated their voice mail systems, and Horizons would forward to the voice mail systems any individuals that called for Dwyer and Kuhr. Similarly, for a period of time, Horizons did not inform individuals calling Dwyer and Kuhr that they were no longer working for Horizons.
 {¶ 3} Subsequently, Dwyer and Kuhr filed a complaint with the Ohio Real Estate Commission. The commission issued the following charges:
You, [appellant], in acting as a real estate broker did the following:
1. Failed to pay, in or about November 2001, Ms. Carol L. Dwyer and Mr. Stephen M. Kuhr, the commissions due each of them, with respect to the subject property located at 4458 Alum Creek Drive, Columbus, OH. This constitutes a violation of R.C. 4735.18(A)(31).
2. Failed to deactivate Ms. Dwyer's voicemail and Mr. Kuhr's voicemail when each of them left Horizons Real Estate Group, Inc. in or about October 2001, and so misrepresented to callers that Ms. Dwyer and Mr. Kuhr were still associated with said real estate brokerage. This constitutes a violation of R.C. 4735.18(A)(6).
 {¶ 4} A hearing examiner for the commission held a hearing on the charges. The hearing examiner rendered findings of fact and conclusions of law on December 4, 2003, and recommended that the commission conclude that appellant violated R.C. 4735.18(A)(6) and (A)(31).
 {¶ 5} In recommending the violation set forth in Count 1, pursuant to R.C. 4735.18(A)(31), the hearing examiner noted, in part:
* * * [I]t is deemed that [appellant] * * * did unreasonably withhold commission entitlements owed to Ms. Dwyer and Mr. Kuhr that amounted to some $55,000.00. The two agents were deserving of payment because they did substantially contribute to the closing of the Alum Creek sale in November 2001. * * *
 {¶ 6} In recommending the violation set forth in Count 2, pursuant to R.C. 4735.18(A)(6), the hearing examiner noted, in part:
With respect to * * * Horizons' maintaining the active voicemail messaging system well beyond the departures of Ms. Dwyer and Mr. Kuhr, it is deemed that the procedures employed by Horizons were exploitive, to the extent they readily might involve invasions of privacy and also misled unsuspecting callers as to the affiliations of Ms. Dwyer and Mr. Kuhr. * * *
 {¶ 7} On January 14, 2004, the commission adopted the hearing examiner's decision and concluded that appellant violated R.C.4735.18(A)(6) and (A)(31). The commission imposed a fine and ordered appellant to attend ten additional continuing education hours.
 {¶ 8} Appellant appealed the January 14, 2004 decision to the trial court, and the trial court affirmed. Appellant did not appeal the trial court's decision to affirm the commission's decision, but filed a motion to vacate: (1) the commission's January 14, 2004 decision; and (2) the trial court's decision affirming the commission's decision. In the motion to vacate, appellant argued that the commission lacked jurisdiction to discipline appellant on the above-noted charges. The trial court denied the motion to vacate.
 {¶ 9} Appellant appeals, raising one assignment of error:
The Common Pleas Court erred in overruling appellant's motion to vacate the court's judgment of June 13, 2004, and the decision of the Ohio Real Estate Commission of January 14, 2004, for lack of jurisdiction of the subject matter.
 {¶ 10} In his single assignment of error, appellant contends that the trial court erred in denying his motion to vacate: (1) the commission's January 14, 2004 decision that disciplined appellant for violating R.C.4735.18(A)(6) and (A)(31); and (2) the trial court's judgment that affirmed the commission's decision.
 {¶ 11} Initially, we note that, in his assignment of error, appellant incorrectly references the trial court's judgment that affirmed the commission's decision as being rendered on June 13, 2004. The trial court actually rendered its decision on June 21, 2004, and issued its judgment entry on the decision on July 13, 2004. Given that appellant is referring to the trial court's judgment to affirm the commission's decision to discipline appellant, we shall nonetheless conclude that appellant actually sought to vacate the trial court's June 21, 2004 decision journalized in the July 13, 2004 judgment entry.
 {¶ 12} Appellant filed the motion to vacate on subject-matter jurisdiction grounds by seeking to invoke the trial court's inherent power to vacate void judgments. See Miley v. STS Systems, Inc.,153 Ohio App.3d 752, 2003-Ohio-4409, at ¶ 7 (recognizing that "the appropriate recourse for challenging a void judgment that is encumbered by a jurisdictional defect is to file a common-law motion to vacate based upon the inherent power of a trial court to set aside a judgment"); see, also, Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph four of the syllabus (holding that "[t]he authority to vacate a void judgment is not derived from Civ.R. 60(B) but rather constitutes an inherent power possessed by Ohio courts"). Subject-matter jurisdiction is a question of law, which we review de novo. See Burns v. Daily (1996),114 Ohio App.3d 693, 701; Price v. Margaretta Twp. Bd. of ZoningAppeals, Erie App. No. E-02-029, 2003-Ohio-221, at ¶ 7.
 {¶ 13} In arguing that the trial court erred in denying the motion to vacate, appellant asserts that the commission lacked jurisdiction to discipline appellant under R.C. 4735.18(A)(6) and (A)(31) through the above-noted charges. Appellant asserts that the commission lacked such jurisdiction because it made determinations pertaining to common law. Specifically, appellant claims that when the commission disciplined appellant under R.C. 4735.18(A)(6), the administrative agency improperly decided a common-law action for invasion of privacy in regards to appellant's maintaining Dwyer and Kuhr's voice mail after the individuals left Horizons. Similarly, appellant argues that, when the commission disciplined appellant under R.C. 4735.18(A)(31), the administrative agency improperly determined a common-law contract dispute concerning whether appellant properly denied Dwyer's and Kuhr's share of commission on the Alum Creek property sale.
 {¶ 14} The commission is an administrative agency established under statute. Am.S.B. No. 217, 111 Ohio Laws 392 et. seq.; see, also, Mazzav. Ohio Dept. of Commerce (May 23, 1997), Trumbull App. No. 96-T-5479 (recognizing that the commission is an administrative agency). The General Assembly created the commission to regulate the real estate industry. Richard T. Kiko Agency, Inc. v. Ohio Dept. of Commerce, Div. ofReal Estate (1990), 48 Ohio St.3d 74, 76.
 {¶ 15} We look to the commission's enabling statute to determine the agency's jurisdiction and powers. See D.A.B.E., Inc. v. Toledo-LucasCty. Bd. of Health, 96 Ohio St.3d 250, 2002-Ohio-4172, at ¶ 38, citingBurger Brewing Co. v. Thomas (1975), 42 Ohio St.2d 377, 379; Green v.Western Reserve Psych. Hab. Center (1981), 3 Ohio App.3d 218, 220, citing State ex rel. Clarke v. Cook (1921), 103 Ohio St. 465, 467, andState ex rel. Locher v. Menning (1916), 95 Ohio St. 97. The commission's jurisdiction extends to the powers expressed in the enabling statute. SeeD.A.B.E., Inc. at ¶ 39; Browning-Ferris Industries of Ohio, Inc. v.Mahoning Cty. Bd. of Health (1990), 69 Ohio App.3d 96, 100. Likewise, the commission retains all implied power "`as may be reasonably necessary to make the express power effective.'" See D.A.B.E., Inc. at ¶ 39, quoting State ex rel. A. Bentley Sons Co. v. Pierce (1917),96 Ohio St. 44, 47.
 {¶ 16} Here, R.C. 4735.18 expressly authorizes the commission to "investigate the conduct of any licensee[.]" In addition, as applied here, R.C. 4735.18(A) expressly authorizes the commission to "impose disciplinary sanctions upon any licensee" who "is found guilty of":
(6) Dishonest or illegal dealing, gross negligence, incompetency, or misconduct;
* * *
(31) Failure within a reasonable time, after the receipt of the commission by the broker, to render an accounting to and pay a real estate salesperson the salesperson's earned share of it[.]
 {¶ 17} As such, through the above language, R.C. 4735.18 provided the commission jurisdiction to investigate and discipline appellant for conduct implicating R.C. 4735.18(A)(6) and (A)(31). Because, pursuant toD.A.B.E., Inc., the commission also retained all powers "as may be reasonably necessary to make the express power effective[,]" we conclude that the administrative agency retained jurisdiction to determine appellant's guilt on the above-noted conduct before imposing discipline. In this regard, as part of those powers "as may be reasonably necessary to make the express power effective[,]" we further recognize that the commission retained jurisdiction to discipline appellant when it relied on the above-noted common-law principles when determining appellant's guilt. Specifically, the commission did not lose jurisdiction to discipline appellant under R.C. 4735.18(A)(6) upon concluding that appellant maintaining Dwyer's and Kuhr's voice mail "well beyond" their departures "might involve invasions of privacy[.]" Likewise, for the above-noted reasons, the commission did not lose jurisdiction to discipline appellant under R.C. 4735.18(A)(31) upon concluding that appellant improperly denied Dwyer's and Kuhr's share of commission on the Alum Creek property sale. In so concluding, we note that the Ohio Supreme Court has implicitly recognized that an administrative agency considers constitutional, statutory, and case law when making decisions. See OhioHistorical Soc. v. State Emp. Relations Bd. (1993), 66 Ohio St.3d 466, 471
(noting that in an administrative appeal process, a common pleas court independently reviews an administrative agency's decision "[t]o the extent that an agency's decision is based on construction of the state or federal Constitution, a statute, or case law").
 {¶ 18} Thus, appellant's reliance on R.C. 4735.52 does not compel us to conclude that the commission lacked jurisdiction to discipline appellant when it referred to the above-noted common-law principles. R.C.4735.52 provides that "[e]xcept to the extent the duties of a real estate agent are specifically set forth in this chapter, or are otherwise modified by agreement, the duties of a real estate agent are determined by the common law." We look to the "plain meaning" of "words used" in R.C. 4735.52. See State ex rel. Burrows v. Indus. Comm. (1997),78 Ohio St.3d 78, 81. Nothing in R.C. 4735.52 divests the commission of jurisdiction to discipline a licensee if the commission considers or examines common-law issues when it imposes the discipline. Rather, the statute merely specifies circumstances where common law applies in examining a real estate agent's duties.
 {¶ 19} We also find misplaced appellant's reliance on In re Appeal ofSheaffer (1996), 116 Ohio App.3d 98, which appellant cites to support his contention that the commission lacked jurisdiction to discipline appellant because it relied on the above-noted common-law issues. InSheaffer, the Second District Court of Appeals concluded that the trial court did not err by affirming the commission's decision to find, in part, that a licensee violated R.C. 4735.18(A)(6) when the licensee returned earnest money to a prospective home purchaser who subsequently cancelled a purchase contract. Id. at 108, 110. In finding a violation under R.C. 4735.18(A)(6), the commission stated that, "when there is a conflict over who is entitled to the earnest money, the dispute must either be mutually resolved or decided by a court of competent jurisdiction." Id. at 108. According to the commission, the licensee acted improperly by returning the earnest money to the prospective home purchaser because the licensee, "rather than the parties or a court, decided who was entitled to the money[.]" Id. The commission emphasized that "`[t]o maintain the status quo of funds held on deposit reflects a neutral position of the fiduciary[.]'" Id.
 {¶ 20} Although the commission in Sheaffer concluded that the licensee could not disburse the earnest money without an agreement of the parties or a decision from a "court of competent jurisdiction[,]" such language does not apply to the Real Estate Division's jurisdiction to discipline a licensee. The language merely examines a licensee's fiduciary duty regarding earnest money and details when a licensee breaches such fiduciary duty. As such, Sheaffer is inapposite to our jurisdictional analysis.
 {¶ 21} We likewise reject appellant's contention that R.C. 2311.04 and Section 5, Article I, of the Ohio Constitution divested the commission's jurisdiction to discipline appellant after the administrative agency relied on the above common-law matters. R.C. 2311.04 provides:
Issues of law must be tried by the court, unless referred as provided in the Rules of Civil Procedure. Issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or unless all parties consent to a reference under the Rules of Civil Procedure.
All other issues of fact shall be tried by the court, subject to its power to order any issue to be tried by a jury, or referred.
Section 5, Article I, Ohio Constitution provides:
The right of trial by jury shall be inviolate, except that, in civil cases, laws may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury.
 {¶ 22} R.C. 2311.04 and Section 5, Article I, of the Ohio Constitution pertain to an individual's right to a jury trial, which is not the issue before us in our limited jurisdictional review. To the extent that appellant utilizes the above provisions to argue that the commission lacked jurisdiction because "[t]he complaints made by Carol Dwyer and Stephen Kuhr before the Commission were claims for money damages[,]" we reject such a contention. As noted above, the commission exercised its authority as an administrative agency to discipline appellant, a licensee, for the above-noted conduct. In exercising such authority, the commission utilized its expertise to decide whether appellant adhered to particular "standard[s] of practice[.]" Vradenburgv. Ohio Real Estate Comm. (1982), 8 Ohio App.3d 102, 104.
 {¶ 23} Lastly, appellant criticizes the trial court's decision to deny appellant's motion to vacate by arguing that "[h]ad the complainants pursued a civil action and not recovered any portion of the commission, then the action before the Real Estate Commission would have been totally inappropriate." However, appellant's criticism advances procedural and evidentiary issues not applicable to the issue before us, i.e., the commission's jurisdiction to discipline appellant. Again, R.C. 4735.18
set forth express and implied powers that provided the commission jurisdiction to investigate and discipline appellant for conduct implicating R.C. 4735.18(A)(6) and (A)(31), and the commission's reliance on the above-noted common-law issues fell within the administrative agency's jurisdiction when the agency disciplined appellant.
 {¶ 24} Therefore, we conclude that the trial court did not err by denying appellant's motion to vacate: (1) the commission's January 14, 2004 decision that disciplined appellant for violating R.C. 4735.18(A)(6) and (A)(31); and (2) the trial court's judgment that affirmed the commission's decision. As such, we overrule appellant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
Brown, P.J., and McGrath, J., concur.