OPINION *Page 2 
{¶ 1} Appellant, Christopher Glenn, appeals the trial court's judgment entered January 29, 2008, denying his motion to vacate a civil protection order. Appellee is Alanna Glenn.
 STATEMENT OF FACTS AND CASE {¶ 2} On September 4, 2007, Appellee, Alanna Glenn, filed an ex parte petition pursuant to R.C. 3113.31 for a domestic violence civil protection order against appellant, Christopher Glenn.
 {¶ 3} On September 7, 2007, appellant was properly served with the order and notice that a full hearing on the petition was scheduled before the court on September 18, 2007.
 {¶ 4} On September 18, 2007, the trial court heard the matter. Appellant failed to appear, and the trial court granted appellee's petition for a civil protection order. The court found that appellant had acted inappropriately toward the parties' baby, and appellee was afraid he would hurt the child. The court found that appellant had engaged in rough sex with appellee, placing belts around her neck against her will. The court also found that appellant had withheld needed medicine from appellee.
 {¶ 5} On January 7, 2008, appellant filed a motion to vacate the civil protection order arguing that the trial court had failed to schedule the full hearing within the statutory guidelines of R.C. 3113.31. The motion to vacate was set for hearing on January 28, 2008.
 {¶ 6} On January 28, 2008, after hearing arguments of counsel, the trial court denied appellant's motion to vacate. *Page 3 
 {¶ 7} It is from this judgment entry that appellant seeks to appeal, setting forth the following assignment of error.
 {¶ 8} "THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO VACATE THE CIVIL PROTECTION ORDER."
 {¶ 9} In this sole assignment of error, appellant argues that the trial court erred in holding the full hearing on appellee's petition for a domestic violence protection order beyond the statutory time period set forth in R.C. 3113.31. Appellant argues that for this reason the trial court abused its discretion in failing to grant appellant's motion to vacate. We disagree.
 {¶ 10} The decision to grant or deny a Civ. R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77,514 N.E.2d 1122. The phrase "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State ex rel. Edwards v.Toledo City School Dist. Bd. of Edn. (1995), 72 Ohio St.3d 106, 107,647 N.E.2d 799; Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 11} Civ. R. 60(B) sets forth the manner in which relief may be granted stating:
 {¶ 12} "(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On Motion and upon such terms that are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated *Page 4 
intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released, discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 13} While appellant couched his motion as a Civ. R. 60(B) motion for relief from judgment and the motion states that it is made pursuant to Civ. R. 60(B)(1) and (5), it appears that the motion is actually a motion to vacate the September 18, 2007 judgment on the basis that the court did not have jurisdiction to issue the protection order after the statutory time for a hearing on the ex parte order had passed. A Civ. R. 60(B) motion is a collateral attack upon a judgment, while a motion to vacate due to lack of jurisdiction is a direct attack on a judgment.Miley v. STS Systems, Inc., 153 Ohio App. 3d 752, 756, 2003-Ohio-4409. Because courts have inherent power to vacate their own void judgments, motions to vacate need not meet the requirements of Civ. R. 60(B). Id. The appropriate recourse to challenge a void judgment that is encumbered by a jurisdictional defect is to file a common law motion to vacate based upon the inherent power of the trial court to set aside a void judgment. Id.
 {¶ 14} We shall review this matter on the basis that appellant's Civ. R. 60(B) motion was actually a motion to vacate the September 18, 2007 judgment which argued that the court did not have jurisdiction to issue the protection order after the statutory time for a hearing on the ex parte order had passed. We do this because that is what it *Page 5 
appears that the appellant intended the motion to be. In addition, if we were to treat the motion as a Civ. R. 60(B) motion for relief from judgment, alleging a non-jurisdictional argument that the trial court should not have issued an order after the statutory ten-day time limit, we would have to deem this to be an untimely appeal because a Civ. R. 60(B) motion can not be used as a substitute for appeal. Doe v.Trumbull County Children Services Bd. (1986), 28 Ohio St. 3d 128,502 N.E. 2d 605, paragraph 2 of the syllabus. Therefore, said non-jurisdictional issue regarding the September 18, 2007 judgment entry would have had to have been raised in an appeal within thirty days of the September 18, 2007 judgment entry.
 {¶ 15} R.C. 3113.31(D) sets forth the time within which a full hearing must be held on a petition for a domestic violence civil protection order after the ex parte order has been granted stating:
 {¶ 16} "(2)(a) If the court, after an ex parte hearing, issues an order described in division (E)(1)(b) or (c) of this section, the court shall schedule a full hearing for a date that is within seven court days after the ex parte hearing. If any other type of protection order that is authorized under division (E) of this section is issued by the court after an ex parte hearing, the court shall schedule a full hearing for a date that is within ten court days after the ex parte hearing. The court shall give the respondent notice of, and opportunity to be heard at, the full hearing. The court shall hold the full hearing on the date scheduled under this division unless the court grants a continuance of the hearing in accordance with this division. Under any of the following circumstances or for any of the following reasons, the court may grant a continuance of the full hearing to a reasonable time determined by the court: *Page 6 
 {¶ 17} "Prior to the date scheduled for the full hearing under this division, the respondent has not been served with the petition filed pursuant to this section and notice of the full hearing.
 {¶ 18} "The parties consent to the continuance.
 {¶ 19} "The continuance is needed to allow a party to obtain counsel.
 {¶ 20} "The continuance is needed for other good cause."
 {¶ 21} Appellant argues that the language "ten court days" of R.C. 3113.31 should be construed to mean that a full hearing must be held within ten calendar days.[1] As such, appellant argues that, in this case, the full hearing was held within fourteen calendar days and is in violation of the statutory guidelines. We disagree.
 {¶ 22} The language of the statute specifically states that the full hearing must be held within ten court days, not ten calendar days. We interpret the language "court days" to mean the court's business days. Therefore, in the case sub judice, the full hearing on appellee's petition was held in accordance with R.C. 3113.31. Appellee received an ex parte order of protection on Tuesday, September 4, 2007. Pursuant to Civ. R. 6(A), in counting any period of time prescribed by any applicable statute, the day of the event from which the designated period begins to run is not included, but the last day is included. Therefore, Tuesday, September 4, does not count as the first day. September 5, 6, and 7 were the first three days of the statutory time period. September 8 and 9 were weekend days, not court days, and do not count toward the statutory *Page 7 
period. September 10, 11, 12, 13, and 14 were court days which count toward the statutory period, bringing the total to eight days. September 15 and 16 were again weekend days, which do not count toward the total. Monday, September 17, was the ninth day of the statutory period. The full hearing on the petition was held on Tuesday, September 18, 2007, the tenth court day following the granting of the ex parte order. Therefore, appellant's argument in support of the motion to vacate lacked merit. Accordingly, we do not find that the trial court erred in denying appellant's motion to vacate.
 {¶ 23} The assignment of error is overruled. *Page 8 
 {¶ 24} The Judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is hereby affirmed.
By: Edwards, J. Farmer, J. concurs Hoffman, P.J. dissents. *Page 10 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant. *Page 9 
[1] While in his motion appellant first stated that the hearing was not held within seven days as required by the statute and later in the motion changed his argument to ten days, in his brief filed with this court his argument is based solely on the ten day statutory requirement. Because the protection order issued by the trial court was not made pursuant to R.C. 3113.31(E)(1)(b) or (c), which both deal with orders to vacate a residence, the hearing in the instant case was required to be held within ten court days after the ex parte hearing.